# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| AMANTINA P., <br><br>      **Plaintiff,** <br><br> v. <br><br> ANDREW M. SAUL,[1] <br> **Commissioner of Social Security,** <br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:18-cv-00628-PMW <br><br> **Chief Magistrate Judge Paul M. Warner** |

Before the court is Amantina P.'s ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id*. §§ 1381-1383f.  After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments.  In February 2015, Plaintiff protectively applied for DIB and SSI, alleging disability beginning on September

---

[1]  Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul has been substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this action.  *See* ECF no. 18.

4, 2014.[2] Plaintiff's applications were denied initially and upon reconsideration.[3] June 24, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on June 15, 2017.[5] On September 12, 2017, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[6] On June 11, 2018, the Appeals Council denied Plaintiff's request for review,[7] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On August 14, 2018, Plaintiff filed her complaint in this case.[8] The Commissioner filed his answer on December 7, 2018,[9] and the administrative record on December 10, 2018.[10] On January 24, 2019, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[11] Consequently, this case was assigned permanently to Chief

---

[2] *See* ECF no. 10, Administrative Record ("AR ____") 204-20.

[3] *See* AR 121-22, 147-48.

[4] *See* AR 160-61.

[5] *See* AR 50-96.

[6] *See* AR 6-27.

[7] *See* AR 1-5.

[8] *See* ECF no. 3.

[9] *See* ECF no. 8.

[10] *See* ECF no. 10.

[11] *See* ECF no. 15.

Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[12] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Plaintiff filed her opening brief on June 14, 2019.[13] The Commissioner filed his answer brief on July 12, 2019.[14] Plaintiff did not file a reply brief on or before the deadline for doing so.

## **STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

---

[12] *See id.*

[13] *See* ECF no. 17.

[14] *See* ECF no. 20.

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work in the national economy in view of his age, education, and work experience." *Id*.; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred (1) in evaluating Plaintiff's credibility and (2) in assessing Plaintiff's RFC. The court will address those arguments in turn.

### I. Credibility

Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility. In general, "[c]redibility determinations are peculiarly the province of the finder of fact, and [this court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotations and citation omitted). Although credibility determinations "should be closely and affirmatively linked to substantial evidence," *id*. (quotations and citation omitted), they "do[] not require a formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

When assessing a claimant's credibility, including his or her allegations of pain, an ALJ should consider the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); Social Security Ruling ("SSR") 16-3p; *see also Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993). An ALJ should also consider whether there are inconsistencies between the claimant's testimony and the evidence in the record. *See* 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4); SSR 16-3p.

In this case, the ALJ relied upon proper factors to support his determination that Plaintiff's statements about her alleged impairments and limitations were not fully credible. The ALJ properly relied upon the fact that evidence in the record was not consistent with Plaintiff's complaints concerning her alleged impairments and limitations.[15] *See* 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4); SSR 16-3p; *see also Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (providing that an ALJ can consider "the consistency or compatibility of nonmedical testimony with objective medical evidence" when assessing credibility). The ALJ

---

[15] *See* AR 20.

also properly relied upon the fact that Plaintiff required only routine and conservative treatment for her alleged impairments and responded well to such treatment.[16] *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v); SSR 16-3p. Finally, the ALJ properly relied upon the fact that Plaintiff's activities of daily living were not consistent with her allegations of total disability.[17] *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); SSR 16-3p. The ALJ noted that Plaintiff indicated that she could live alone, shop, cook, handle money, do housework, use a telephone, use a computer, drive for about 30 minutes at a time, attend church each Sunday for 3 hours, visit with friends and family, get along with neighbors and others, and provide day-to-day care for foster children living with her.[18]

Based on the foregoing, the court concludes that the ALJ articulated sufficient reasoning and relied upon proper factors in determining that, overall, Plaintiff's testimony was not fully credible. Furthermore, the ALJ's determination is "closely and affirmatively linked to substantial evidence." *Kepler*, 68 F.3d at 391 (quotations and citation omitted). Accordingly, the court concludes that the ALJ did not err in his assessment of Plaintiff's credibility.

As a final matter on this issue, the court notes that many of Plaintiff's arguments on this issue are nothing more than an attempt to reargue the weight of the evidence, which is an unavailing tactic on appeal. It is not this court's role to reweigh the evidence before the ALJ. *See Madrid*, 447 F.3d at 790. Indeed, it is the ALJ's role to weigh and resolve evidentiary

---

[16] *See id.*

[17] *See* AR 20-21.

[18] *See* AR 21.

conflicts and inconsistencies. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988). From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight") (emphasis omitted); *see also Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (quotations and citations omitted) (alteration in original).

**II.     RFC**

During the administrative hearing in this case, the ALJ posed two hypotheticals to the vocational expert ("VE").[19] The first hypothetical was less restrictive than the second. In support of her argument that the ALJ erred in assessing Plaintiff's RFC, Plaintiff essentially asserts that the ALJ should have relied upon the VE's response to the more restrictive hypothetical in reaching his ultimate RFC assessment. That argument fails.

Although Plaintiff contends that her alleged impairments are more accurately reflected in the more restrictive hypothetical, she fails to cite to any record evidence supporting the restrictions contained in that hypothetical. She also fails to cite to any record evidence for her

---

[19] *See* AR 87-89.

various other theories about certain limitations that should have been included in her RFC. Furthermore, Plaintiff admits that an ALJ is not required to accept a VE's answer to a hypothetical that includes limitations alleged by the claimant when the ALJ ultimately determines that those alleged limitations are not credible.[20] In the court's view, that is precisely what occurred in this case. The ALJ was under no obligation to include limitations in the RFC that were not supported by the record as whole. The court concludes that the ALJ adequately explained his RFC assessment, relying upon the record as a whole, as well as his assessment of the credibility of Plaintiff's subjective complaints about her alleged impairments and limitations.

Additionally, the court again notes that many of Plaintiff's arguments on this issue are nothing more than an attempt to reargue the weight of the evidence before the ALJ. As previously stated, that tactic fails on appeal. *See Oldham*, 509 F.3d at 1257; *Lax*, 489 F.3d at 1084; *Madrid*, 447 F.3d at 790; *Rutledge*, 230 F.3d at 1174; *Eggleston*, 851 F.2d at 1247.

## **CONCLUSION AND ORDER**

In summary, the court concludes that all of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 21st day of May, 2020.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge

---

[20] *See* ECF no. 17 at 25.