FILED
2020 SEP 15 PM 3:30
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| AMANTINA P., <br><br> **Plaintiff,** <br><br> v. <br><br> ANDREW M. SAUL,[1] <br> **Commissioner of Social Security,** <br><br> **Defendant.** | **ORDER DENYING MOTION TO RECONSIDER** <br><br><br> Case No. 2:18-cv-00628-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Before the court is Amantina P.'s ("Plaintiff") pro se motion to reconsider[2] the court's May 21, 2020 Memorandum Decision and Order[3] affirming the Commissioner's final decision that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *id*. §§ 1381-1383f. In her motion, Plaintiff requests "reconsideration [of her] claim" and asserts that "there may be some misunderstanding" concerning her case.[4]

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he has been substituted for Acting Commissioner Nancy A. Berryhill in this action. ECF No. 18.

[2] ECF No. 23. According to the docket in this case, Plaintiff is represented by counsel, but filed this motion pro se.

[3] ECF No. 21.

[4] ECF No. 23 at 1.

She then discusses medical evidence that she apparently believes supports her claims for DIB and SSI.[5]  Based upon the following analysis, Plaintiff's motion is denied.

"A motion for reconsideration is not specifically provided for in the rules of civil procedure."  *Lacefield v. Big Planet*, No. 2:06-CV-844 DB, 2008 WL 2661127, at *1 (D. Utah July 3, 2008).  However, it is within the court's discretion to reconsider a previous order.  *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a motion to reconsider is an

> inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed.

*Id*.  "A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court."  *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04CV139DAK, 2007 WL 2746953, at *1 (D. Utah Sept. 14, 2007); *see also Lacefield*, 2008 WL 2661127, at *1 ("[A] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (quotations and citations omitted)).

---

[5] *Id*. at 1-3.

Plaintiff's motion for reconsideration provides no basis for the court to reconsider its Memorandum Decision and Order.  Plaintiff's arguments demonstrate nothing more than her disagreement with the court's ruling and her desire to have the court revisit issues that were already addressed in the Memorandum Decision and Order.  Furthermore, Plaintiff has not pointed to any intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice.  For those reasons, Plaintiff's motion to reconsider[6] is DENIED.

IT IS SO ORDERED.

DATED September 15, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[6] *Id.*